ACCEPTED
FIRST COURT OF APPEALS
HOUSTON, TEXAS
1/2/2015 4:28:10 PM
CHRISTOPHER PRINI
CLERK

NO. 01-15-00003-CV _____

---

## IN THE COURT OF APPEALS
## FOR THE FIRST JUDICIAL DISTRICT OF TEXAS
## AT HOUSTON

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
1/2/2015 4:28:10 PM
CHRISTOPHER A. PRINE
Clerk

---

IN RE ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY

---

Original Proceeding from 434th Judicial District
Of Fort Bend County, Texas
Trial Court Cause No. 14-DCV-215228

---

RELATOR ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY'S
PETITION FOR WRIT OF MANDAMUS

---

Ronald J. Restrepo
Texas State Bar No. 16791300
rrestrepo@drhrlaw.com
Sarah J. Allen
Texas State Bar No. 24064810
sallen@drhrlaw.com
Alexandra Ledyard
Texas State Bar No. 24087903
aledyard@drhrlaw.com
440 Louisiana Street, Suite 2300
Houston, Texas 77002
DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)
*Attorneys for Relator Allstate
Fire and Casualty Insurance
Company*

**ORAL ARGUMENT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 52.3(a), the following is a complete list of all parties, and the names and addresses of all trial and appellate counsel:

Relator:

Allstate Fire and Casualty Insurance Company

*Trial Counsel for Relator*:

John M. Causey
State Bar No.0419100
Hope & Causey
100 I-45 North, Ste. 600
Conroe, Texas 77301
(936) 441-4673 (telephone)
(936) 441-4674 (telecopier)

*Appellate Counsel for Relator*:

Ronald J. Restrepo
Sarah J. Allen
Alexandra Ledyard
DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.
440 Louisiana, Suite 2300
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

Respondents:[*]

The Honorable Judge James H. Shoemake
Judge of the 434th Judicial District of Fort Bend County, Texas
301 Jackson Street
Richmond, Texas 77469
(281) 633-7653 (telephone)

The Honorable Judge John Hawkins
Associate Judge of the 434th Judicial District of Fort Bend County, Texas
301 Jackson Street
Richmond, Texas 77469
(281) 341-4457 (telephone)

Real Parties in Interest:

Charlene T. Howard and William D. Howard

*Trial Counsel for Real Party in Interest*:

Mario Martinez
Law Offices of Mario A. Martinez
23123 Cinco Ranch Blvd., # 208
Katy, TX 77494
(281) 665-7924 (telephone)
(281) 665-7929 (telecopier)

---

[*] Relator includes both Judge James H. Shoemake and Judge John Hawkins as Respondents because both signed the Order at issue in this mandamus proceeding. (*See* MR 44–45.)

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL .............................................................................i

TABLE OF CONTENTS ........................................................................................... iii

INDEX OF AUTHORITIES.............................................................................................v

STATEMENT OF THE CASE ...................................................................................... vii

STATEMENT OF JURISDICTION ............................................................................... viii

ISSUE PRESENTED.....................................................................................................ix

STATEMENT OF FACTS..............................................................................................1

ARGUMENT ..............................................................................................................2

    I.      Standard of Review ...............................................................................2

    II.     Mandamus relief is warranted in this case. ..........................................2

          A.      The trial court abused its discretion when it refused to abate discovery on Plaintiffs' extra-contractual and bad faith claims because these claims do not accrue, and would therefore be moot, unless and until Plaintiffs first succeed on their breach of contract claim. ..........................3

               1.      Because Plaintiffs have not obtained a judgment establishing the liability and underinsured status of Mr. Carr, the other driver, Allstate has no contractual duty to pay UIM benefits..............................3

               2.      Allowing discovery on Plaintiffs' extra-contractual claims before a determination on Plaintiffs' breach-of-contract claims is an abuse of discretion. ................................................................5

          B.      Allstate has no clear and adequate remedy by appeal because it will lose substantial rights by being required to conduct discovery on claims that may be rendered moot.....................................................................10

PRAYER .............................................................................................................11

CERTIFICATES OF COMPLIANCE........................................................................13

CERTIFICATE OF SERVICE .................................................................................14

APPENDIX

October 23, 2014 Order Allowing Discovery on Plaintiffs'
Extra-Contractual Claims .......................................................................Tab A

*In re United Fire Lloyds*, 327 S.W.3d 250 (Tex. App.—San Antonio
2010, orig. proceeding)............................................................Tab B

*In re Progressive County Mut. Ins. Co.*, 439 S.W.3d 422
(Tex. App.—Houston [1st Dist.] 2014, no pet.). .........................Tab C

*In re Allstate County Mut. Ins. Co.*, No. 01-14-00068-CV,
2014 WL 5285850 (Tex. App.—Houston [1st Dist.]
Oct. 16, 2014, no pet. h.) . .........................................................Tab D

# INDEX OF AUTHORITIES

**Cases**      **Page(s)**

*Brainard v. Trinity Universal Ins. Co.*,
216 S.W.3d 809 (Tex. 2006). ....................................................................3–4

*Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*,
327 S.W.3d 118 (Tex. 2010). .......................................................................4

*Henson v. State Farm Bureau Cas. Ins. Co.*,
17 S.W.3d 652 (Tex. 2000). ..........................................................................3

*In re Allstate County Mut. Ins. Co.*,
No. 01-14-00068-cv, 2014 WL 5285850
(Tex. App.—Houston [1st Dist.] Oct. 16, 2014, no pet. h.) ............. 4, 9–10, 11

*In re Am. Nat'l County Mut. Ins. Co.*,
384 S.W.3d 429 (Tex. App.—Austin 2012, orig. proceeding). .....................11

*In re Progressive County Mut. Ins. Co.*,
439 S.W.3d 422 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ..... 4–7, 9–11

*In re Prudential Ins. Co. of Am.*,
148 S.W.3d 124 (Tex. 2004) (orig. proceeding). ................................2–3, 11

*In re United Fire Lloyds*,
327 S.W.3d 250 (Tex. App.—San Antonio 2010,
orig. proceeding)................................................................. viii, 2, 7–8, 9, 11

*Progressive County Mut. Ins. Co. v. Boyd*,
177 S.W.3d 919 (Tex. 2005). .........................................................................5

*U.S. Fire Ins. Co. v. Millard*,
847 S.W.2d 668 (Tex. App.—Houston [1st Dist.] 1993, no writ). .................3

*Weir v. Twin City Fire Ins. Co.*,
622 F. Supp. 2d 483 (S.D. Tex. 2009)........................................................5–6

*Womack v. Berry*,
 291 S.W.2d 677 (Tex. 1956). ...........................................................................7

**Statutes** **Page(s)**

TEX. GOV'T CODE § 22.221.............................................................................. viii

**Rules** **Page(s)**

TEX. R. APP. P. 52. ......................................................................................... viii

| | |
|---|---|
| *Nature of the underlying case*: | This original proceeding arises from a lawsuit filed by Real Parties in Interest Charlene T. Howard and William D. Howard ("Plaintiffs") against Relator Allstate Fire and Casualty Insurance Company ("Allstate"), among others. (MR 1–14). Plaintiffs seek the recovery of underinsured motorist benefits under an automobile policy issued by Allstate to Plaintiffs, as well as damages for Allstate's asserted bad faith and statutory violations related to the handling of Plaintiffs' claims. (MR 3–6). |
| *Respondents*: | The Honorable John Hawkins, Associate Judge of the 434th Judicial District of Fort Bend County, Texas, and The Honorable James Shoemake, Judge of the 434th Judicial District of Fort Bend County, Texas |
| *Respondents' actions from which relief sought*: | Plaintiffs filed suit in the underlying case alleging that Allstate breached the underinsured motorist provisions of its policy to Plaintiffs when Allstate denied full payment of their claim and, in doing so, committed bad faith and violated various statutory provisions. (MR 7–10). Allstate moved to sever and abate the bad faith and extra-contractual claims until the preliminary issue of coverage is resolved. (MR 22–31). The trial court granted Allstate's motion except that it allowed discovery on Plaintiffs' extra-contractual claims to continue. (MR 44–46). |
| *Order at issue:* | The trial court's October 23, 2014 order allowing discovery on Plaintiffs' extra-contractual and bad faith claims (MR 44–46; *see also* App. at Tab A). |

## STATEMENT OF JURISDICTION

This Court possesses jurisdiction to grant mandamus relief from the trial court's order allowing discovery on Plaintiffs' bad faith and extra-contractual claims before the preliminary issue of coverage is resolved because it constitutes a clear abuse of discretion that impacts Allstate's right to avoid the cost and expense of preparing to defend claims that may be rendered moot for which no adequate remedy exists by ordinary appeal. *See* TEX. GOV'T CODE § 22.221; TEX. R. APP. P. 52; *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding that insurer had no adequate remedy by appeal where trial court's order allowing discovery on extra-contractual claims in an uninsured motorist lawsuit would cause insurer to "lose substantial rights by being required to prepare for claims that may be rendered moot and never even accrue"); *In re United Fire Lloyds*, 327 S.W.3d 250, 256 (Tex. App.—San Antonio 2010, orig. proceeding) (holding that insurer did not have adequate remedy by appeal where it would "lose substantial rights by being required to prepare for claims that may be rendered moot and may have not even yet accrued").

## ISSUES PRESENTED

1.      Whether the trial court's refusal to abate discovery on Plaintiffs' bad faith and extra-contractual claims until the preliminary issue of coverage is resolved is an abuse of discretion that warrants mandamus relief because Plaintiffs' extra-contractual and bad faith claims do not accrue, and would therefore be moot, unless and until Plaintiffs first succeed on their breach of contract claim.

2.      Whether Allstate has an adequate remedy by ordinary appeal where Allstate will lose substantial rights by being required to conduct discovery on claims that may be rendered moot.

## STATEMENT OF FACTS

On or about August 11, 2011, Real Parties in Interest Charlene T. Howard and William D. Howard ("Plaintiffs") were involved in an automobile accident with another vehicle driven by James Alexander Carr.[1] As a result of that accident, Plaintiffs submitted claims to Allstate Fire and Casualty Insurance Company ("Allstate") for underinsured motorist ("UIM") coverage.[2] After evaluating the claims, Allstate made an offer to settle the Plaintiffs' claims,[3] however, the Plaintiffs did not accept.[4]

On or about June 5, 2014, Plaintiffs filed suit in the underlying case seeking a declaration of coverage and the recovery of UIM benefits under an automobile policy issued by Allstate to Plaintiffs (the "Policy"), as well as damages for Allstate's asserted bad faith and statutory violations related to the offering of those benefits.[5] On August 11, 1014, Allstate filed a motion to sever and abate the Plaintiffs' extra-contractual and bad faith claims pending trial on the contractual claim (the "Motion").[6] Plaintiffs responded to the Motion on October 5, 2014,[7] and

---

[1] MR 3, ¶ 11.

[2] *Id.* at ¶ 14.

[3] *See* MR 22–23, Ex. 1.

[4] *See id.*, Ex. 2–3; *see also* MR 5.

[5] MR 1–14.

[6] MR 22–31.

[7] MR 35–39.

the trial court signed an order on October 23, 2014 conditionally granting the Motion save and except discovery.[8]

## ARGUMENT

### I. Standard of Review

Mandamus will issue to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004, orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure by the trial court to analyze or apply the law correctly constitutes an abuse of discretion. *In re United Fire Lloyds*, 327 S.W.3d 250, 253 (Tex. App.—San Antonio 2010, orig. proceeding). Mandamus relief is justified when parties stand to lose substantial rights. *Id.* Mandamus relief is also appropriate to "spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136.

### II. Mandamus relief is warranted in this case.

Mandamus relief is warranted in this case because the record establishes that (A) the trial court abused its discretion when it refused to abate discovery on Plaintiffs' extra-contractual and bad faith claims until the preliminary issue of

---

[8] MR 44–46.

2

coverage is resolved, and (B) Allstate has no clear and adequate remedy at law. *See id.* at 135–36.

**A.  The trial court abused its discretion when it refused to abate discovery on Plaintiffs' extra-contractual and bad faith claims because these claims do not accrue, and would therefore be moot, unless and until Plaintiffs first succeed on their breach of contract claim.**

**1.  Because Plaintiffs have not obtained a judgment establishing the liability and underinsured status of Mr. Carr, the other driver, Allstate has no contractual duty to pay UIM benefits.**

Underinsured motorist claims and bad faith claims are by their very nature independent, and Texas courts have recognized them as "separate and distinct causes of action which might each constitute a complete lawsuit within itself." *See U.S. Fire Ins. Co. v. Millard*, 847 S.W.2d 668, 672 (Tex. App.—Houston [1st Dist.] 1993, orig. proceeding). In the context of underinsured motorist claims, "the [UIM] insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 818 (Tex. 2006) (citing *Henson v. State Farm Bureau Cas. Ins. Co.*, 17 S.W.3d 652, 653–54 (Tex. 2000)). In *Brainard*, the Texas Supreme Court explained the unique nature of a UIM case as follows:

> The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy

alone dictates coverage, UIM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.

*Brainard*, 216 S.W.3d at 818. As a result, Plaintiffs must succeed on their breach of contract claim before any extra-contractual claims could even accrue.

To succeed on their breach of contract claim, Plaintiffs must first establish that UIM coverage for their injuries existed at the time of the accident. *See Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) ("Initially, the insured has the burden of establishing coverage under the terms of the policy."); *In re Allstate County Mut. Ins. Co.*, No. 01-14-00068-CV, 2014 WL 5285850, at *4 (Tex. App.—Houston [1st Dist.] Oct. 16, 2014, no pet. h.) (providing that in order "[t]o prevail on these [extra-contractual] claims, the [plaintiffs] must first establish that Allstate is liable under the insurance contract").

If they meet this initial burden, Plaintiffs must then establish that the other driver, Mr. Carr, negligently caused the accident and was underinsured. *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d 422, 427 (Tex. App.—Houston [1st Dist.] 2014, no pet.). "Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id.* Accordingly, unless and until Plaintiffs obtain a judgment not only establishing that the Policy provided UIM coverage, but also establishing the liability and underinsured status of Mr. Carr, Allstate has no contractual obligation to pay UIM benefits to Plaintiffs.

4

**2. Allowing discovery on Plaintiffs' extra-contractual claims before a determination on Plaintiffs' breach of contract claims is an abuse of discretion.**

Absent proof of a valid contract claim, Allstate should not be required to provide discovery related to Plaintiffs' extra-contractual and bad faith claims because it is irrelevant, overly broad, and prejudicial. *See In Progressive*, 439 S.W.3d at 427 (finding severance and abatement of extra-contractual claims was necessary to avoid prejudice because document requests relating to extra-contractual claim were irrelevant to breach of contract claim and far broader than car accident claim that must first be resolved). As already stated, in order to prevail on their extra-contractual and bad faith claims, Plaintiffs must first demonstrate that Allstate was contractually obligated to pay their UIM claim. *See Progressive County Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 922 (Tex. 2005) (recognizing bad faith claims are generally negated by a lack of coverage under the insurance policy). Thus, unless Plaintiffs can establish that Allstate breached the Policy by denying full payment of Plaintiffs' UIM claims, Allstate cannot be liable on Plaintiffs' extra-contractual and bad faith claims based on that denial, and all the time, effort, money, and judicial resources spent conducting discovery on those claims will have been for naught. *See Weir v. Twin City Fire Ins. Co.*, 622 F. Supp. 2d 483, 486 (S.D. Tex. 2009) (Harmon, J.) ("If there is no contractual duty to pay, [the insurer] cannot be in 'bad faith,' under common law or statute, for not paying. [The insurer] cannot be guilty of not

5

performing a proper investigation of his UIM claim because it is the trial of the UIM claim, at which it will be determined who was at fault and the amount of damages, that constitutes the investigation."). It is for this reason that several courts of appeals, including recent opinions from this Court, require the severance and abatement of extra-contractual claims, including discovery on such claims, in UIM coverage cases like this one.

In a recent opinion, this Court specifically addressed the prejudice involved in allowing discovery on extra-contractual claims to continue prior to a determination on an uninsured motorist breach of contract claim. *See In re Progressive County Mut. Ins. Co.*, 439 S.W.3d 422 (Tex. App.—Houston [1st Dist.] 2014, no pet.); *see also* App. at Tab C. In *Progressive*, an insured filed suit for uninsured motorist benefits under her insurance policy, as well as damages for bad faith and statutory violations related to the denial of those benefits. *Id.* at 422. The insured served the carrier with a number of discovery requests, including all documents related to lawsuits and claims against the carrier regarding the denial of uninsured/underinsured motorist claims for over ten years. *Id.* at 427.

In response to the insurer's motion to sever the breach of contract claim from the extra-contractual claims, the trial court judge signed an order abating the motion to sever, allowing discovery to move forward on all claims, and deferring the other issues covered by the motion until the pretrial hearing. *Id.* at 424. In concluding

6

that severance and abatement of the extra-contractual claims was required in order to avoid prejudice on behalf of the insurer, this Court held that the aforementioned discovery requests sought documents "irrelevant to the breach-of-contract claim, and the introduction of Progressive's claims handling history in unrelated accidents at the trial of [Plaintiff's] breach-of-contract claim would be manifestly unjust." *Id*. at 427. (citing *Womack v. Berry*, 291 S.W.2d 677, 682–83 (Tex. 1956)). The Court went on:

> The trial court's abatement of any decision on severance until the eve of trial **requires the parties to engage in discovery on the extra-contractual claims** and prepare for a trial on these claims, **even though extra-contractual liability could only accrue if Progressive is found liable on the contract**. Accordingly, the trial court's decision to postpone severance, unless writ is granted, will require Progressive to expend resources answering discovery that is far broader than the car accident claim that must be resolved.

*Id*. at 427 (emphases added). Similarly, the trial court's order—made the subject of this mandamus—allowing discovery on Plaintiffs' extra-contractual claims to go forward subjects Allstate to irrelevant, overly broad, and prejudicial discovery.

Other recent opinions confirm that the trial court's refusal to abate discovery on Plaintiffs' extra-contractual claims is an abuse of discretion. In *In re United Fire Lloyds*, the insured filed suit for UIM benefits under his employer's insurance policy as well as damages for bad faith and statutory violations related to the denial of those benefits. 327 S.W.3d 250, 252 (Tex. App.—San Antonio 2010, orig. proceeding);

7

*see also* App. at Tab B.  After the insurer moved to sever and abate the extra-contractual and bad faith claims, the insured filed a motion to bifurcate these claims as an alternative to severance and abatement, arguing, like Plaintiffs argue here,[9] that "a severance would be judicially wasteful" and "prejudice him."  *Id.* at 253.  In reviewing the trial court's decision to bifurcate, the San Antonio Court of Appeals discussed the unique nature of a UIM claim in that a UIM insurer "has no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist."  *Id.* at 255.  "As a result," the court continued, "a determination of [the insured's] UIM claim may negate his bad faith claims."  *Id.* at 256.  Thus, the court held, the trial court had abused its discretion when it refused to sever and abate the insured's extra-contractual and bad faith claims because an insurer should not be required to prepare to litigate claims that could be rendered moot by a determination on the UIM claim:

> [W]e are constrained by the clear holding in *Brainard*, and hold that [the insurer] is under no contractual duty to pay UIM benefits until [the insured] establishes the liability and underinsured status of the other motorist. **Therefore, [the insurer] should not be required to put forth the effort and expense of conducting discovery**, preparing for trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits. **To require such would not do justice, avoid prejudice, and further convenience**.  Under these circumstances, we conclude the trial court abused its

---

[9] *See* MR 38.

8

> discretion in bifurcating the case instead of severing and abating the UIM claim from the bad faith claims.

*Id.* (internal citations omitted) (emphases added).

Similarly, this Court reached the same result in *In re Allstate County Mutual Ins. Co.*, No. 01-14-00068-CV, 2014 WL 5285850 (Tex. App.—Houston [1st Dist.] Oct. 16, 2014, no pet. h.); *see also* App. at Tab D.  In that case, the insureds filed suit for UIM benefits under their insurance policy, as well as damages for bad faith and statutory violations related to the denial of those benefits.  *Id*. at *2.  The insurer moved to sever and abate the extra-contractual and bad faith claims from the underlying coverage claim.  In reviewing the trial court's denial of the insurer's motion, the Court held that the severance of the settlement claims was mandatory.  *Id*. at *3.   In doing so, the Court explained that the plaintiffs' settlement claims

> would be negated by a determination that they lacked coverage under the insurance contract, requiring Allstate to prepare for and litigate the . . . claims, which may have not yet accrued and may be rendered moot by the breach of contract claim, would not do justice, avoid prejudice, or further convenience.

*Id*. at *5 (citing *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d at 426–28).  The Court went on to provide that "allowing the [insureds] to conduct broad discovery into Allstate's claims handling history regarding unrelated accidents and then allowing the introduction of such information at the trial of the [their] breach of

contract claim would be ***manifestly unjust***." *Id*. at \*5 (citing *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d at 426–27) (emphasis added).

As in *Progressive*, *Allstate*, and *United Fire*, the trial court's order denying abatement of discovery on extra-contractual claims is an abuse of discretion because it does "not do justice, avoid prejudice, or further convenience." *See In re Allstate County Mut. Ins. Co.*, 2014 WL 5285850, at \*5. Here, Allstate made an offer of settlement on Plaintiffs' claims for UIM benefits, which was not accepted.[10] Thus, consistent with *Brainard* and its progeny, unless and until Plaintiffs obtain a judgment establishing UIM coverage, as well as the liability and underinsured status of Mr. Carr, Allstate has no contractual obligation to pay UIM benefits. Without an existing obligation to pay, Allstate should not be required to put forth the effort and expense of conducting discovery on Plaintiffs' bad faith and extra-contractual claims because these claims have not yet accrued and could be rendered moot by the failure of Plaintiffs' breach of contract claim. Allowing Plaintiffs to conduct discovery on their bad faith and extra-contractual claims will require Allstate "to expend resources answering discovery that is far broader than the car accident claim that must be resolved." *See In re Progressive County Mut. Ins. Co.*, 439 S.W.3d at 427. Thus, the trial court's refusal to abate discovery on these claims was an abuse of discretion

---

[10] *See* MR 22–23, Ex. 1–3; *see also* MR 5.

warranting mandamus relief.  *See In re Allstate County Mut. Ins. Co.*, 2014 WL 5285850, at \*5; *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 135–36.

**B.      Allstate has no clear and adequate remedy by appeal because it will lose substantial rights by being required to conduct discovery on claims that may be rendered moot.**

Allstate has a substantial right not to be required to put forth the expense of conducting discovery on bad faith and extra-contractual claims that do not accrue, and would therefore be moot, unless and until Plaintiffs first succeed on their breach of contract claim.  *See, e.g.*, *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d at 428 (citing *In re United Fire Lloyds*, 327 S.W.3d at 256).  If discovery on Plaintiffs' extra-contractual claims is permitted to advance, Allstate will be required to conduct discovery "on claims that may have not yet accrued and that could be rendered moot by . . . the trial relating to breach of contract for underinsured motorist benefits."  *See In re Allstate County Mut. Ins. Co.*, 2014 WL 5285850, at \*6 (citing *In re Progressive*, 439 S.W.3d at 427–28); *see also In re Am. Nat'l County Mut. Ins. Co.*, 384 S.W.3d 429, 439 (Tex. App.—Austin 2012, orig. proceeding) (holding that insurer did not have adequate remedy by appeal where it would "lose substantial rights . . . by being required to prepare and try claims that may be rendered moot").  Accordingly, the Court should conclude that Allstate has no adequate remedy by appeal, and mandamus relief is warranted.  *Id.* (citing *In re Progressive County Mut. Ins. Co.*, 439 S.W.3d at 427–28).

11

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Relator Allstate Fire and Casualty Insurance Company respectfully prays that this Court direct the trial court to amend its October 23, 2014 order to abate discovery on Plaintiffs' extra-contractual and bad faith claims until there has been a full and final resolution of Plaintiffs' breach of contract claims. Allstate also prays and for such other and further relief to which Allstate may be entitled.

Respectfully submitted,

DOYLE, RESTREPO, HARVIN & ROBBINS, L.L.P.

By: _____
Ronald J. Restrepo
Texas State Bar No. 16791300
rrestrepo@drhrlaw.com
Sarah J. Allen
Texas State Bar No. 24064810
sallen@drhrlaw.com
Alexandra Ledyard
Texas State Bar No. 24087903
aledyard@drhrlaw.com

440 Louisiana Street, Suite 2300
Houston, Texas 77002
(713) 228-5100 (telephone)
(713) 228-6138 (facsimile)

*Attorneys for Relator Allstate*
*Fire and Casualty Insurance Company*

12

## CERTIFICATION

I hereby certify that I have reviewed Relator Allstate Fire and Casualty Insurance Company's Petition for Writ of Mandamus and conclude that every factual statement in this petition is supported by competent evidence included in the appendix or record.

_____
Sarah J. Allen

## CERTIFICATE OF COMPLIANCE

Relying on the word count function in the word processing software used to produce this document, I hereby certify that this petition (excluding the caption, identity of parties and counsel, table of contents, index of authorities, statement of the case, statement of jurisdiction, statement of issues presented, signature, certificate of service, certification, certification of compliance, and appendix) contains 2,815 words. *See* TEX. R. APP. P. 9.4(i).

_____
Sarah J. Allen

## CERTIFICATE OF SERVICE

As required by Texas Rule of Appellate Procedure 6.3 and 9.5(b), (d), (e), I certify that I have served this document and the corresponding mandamus record by electronic service or certified mail, return receipt requested, on all parties as listed below on January 2, 2015 as follows:

The Honorable Judge James H. Shoemake
434th Judicial District of Fort Bend County, Texas
301 Jackson Street
Richmond, Texas 77469

The Honorable Judge John Hawkins
434th Judicial District of Fort Bend County, Texas
301 Jackson Street
Richmond, Texas 77469

Mario Martinez
Law Offices of Mario A. Martinez
23123 Cinco Ranch Blvd., # 208
Katy, Texas 77494
*Attorney for the Real Parties in Interest*
*Charlene Howard and William Howard*

John M. Causey
Hope & Causey
100 I-45 North, Ste. 600
Conroe, Texas 77301
*Trial Counsel for Relator*
*Allstate Fire and Casualty Insurance Company*

_____
Sarah J. Allen

**TAB A**

14-DCV-215228
OTDN
Other Disposition/Non-Final
3269948

FILED

AUG 11 2014

AT____12:76 P.___M___

*Annie Rebecca Elliott*

Clerk District Court. Fort Bend Co., TX

NO. 14-DCV-215228

| | | |
|---|---|---|
| CHARLENE T. HOWARD AND WILLIAM D. HOWARD | § § § | IN THE DISTRICT COURT OF |
| VS. | § § | FORT BEND COUNTY, T E X A S |
| ALLSTATE FIRE & CASUALTY INSURANCE COMPANY AND LISA GRAVES | § § § § | 434TH JUDICIAL DISTRICT |

## ORDER GRANTING DEFENDANTS' MOTION TO SEVER AND ABATE

On this day came on for consideration Defendants' Motion to Sever and Abate. The Court, having considered the motion, the prevailing case law, and the response thereto, is of the opinion that said motion is meritorious. The Court, therefore

ORDERS that all of the Plaintiffs' claims for extra-contractual violations, including those of the Texas Deceptive Trade Practices Act, violations of the Insurance Code, violations of Chapter 37 & 38 of the Texas Civil Practice and Remedies Code, gross neglect and breach of the duty of good faith and fair dealing, are hereby severed from the above captioned lawsuit and shall be re-designated as *CAUSE NO.* 14-DCV-215228-A ~~14-DCV-215228~~; *IN THE DISTRICT COURT OF FORT BEND COUNTY, T E X A S 434TH JUDICIAL DISTRICT;*

It is further ORDERED that the A copy of following documents shall be placed in *CAUSE NO.* 14-DCV-215228-A ~~14-DCV-215228~~; *IN THE DISTRICT COURT OF FORT BEND COUNTY, T E X A S 434TH JUDICIAL DISTRICT:*

1.  *Plaintiff's Original Petition and Jury Demand;* and

2.  *Defendants' Original Answer and Jury Demand..*

It is further ORDERED that the *CAUSE NO.* 14-DCV-215228-A _____; ~~14-DCV-215228~~; *IN THE*



*DISTRICT COURT OF FORT BEND COUNTY, T E X A S 434TH JUDICIAL DISTRICT*, is

hereby abated for all aspects except discovery until the underlying contract claim in Cause No. 14-DCV-215228 is

resolved.

The cost for the severance of **14-DCV-215228;** *IN THE DISTRICT COURT OF FORT*

*BEND COUNTY, T E X A S 434TH JUDICIAL DISTRICT:* will be borne by Defendants.

All other relief not expressly granted herein is denied.

SIGNED and ENTERED this 20th day of October, 2014.

10-23-14

_____
JUDGE PRESIDING

Associate District Judge 268th/434th



APPROVED AND ENTRY REQUESTED:

HOPE & CAUSEY, P.C.

*John M. Causey*

John M. Causey
State Bar No. 04019100
P. O. Box 3188
Conroe, Texas 77305-3188
Phone: (936) 441-4673
Fax: (936) 441-4674
E-Mail: john@hope-causey.com

**ATTORNEYS FOR DEFENDANTS**



I, Annie Rebecca Elliott, District Clerk of Fort Bend County, Texas, do hereby certify that the foregoing is a true, correct and full copy of the instrument herein set out as appears of record in the District Court of Fort Bend County, Texas. This 2nd day of December 2014

ANNIE REBECCA ELLIOTT, DISTRICT CLERK

By _____ Deputy

NEREYDA FLORES

**TAB B**

327 S.W.3d 250
Court of Appeals of Texas,
San Antonio.

In re UNITED FIRE LLOYDS.

No. 04–10–00094–CV.    |    July 14, 2010.

**Synopsis**
**Background:** Employee who had been involved in motor vehicle accident with other motorist filed suit against employer's automobile insurer, asserting claim for underinsured motorist (UIM) benefits, as well as bad faith claims. Insurer filed motion to sever and abate UIM claim from bad faith claims. Employee filed motion for a bifurcated trial. The 49th Judicial District Court, Webb County, Jose A. Lopez, J., denied insurer's motion and granted employee's motion. Insurer filed petition for writ of mandamus.

**Holdings:** The Court of Appeals, Rebecca Simmons, J., held that:

[1] trial court was required to sever and abate UIM claim from bad faith claims, and

[2] insurer had no adequate remedy by appeal with respect to trial court's abuse of discretion in denying its motion to sever and abate.

Writ conditionally granted.

West Headnotes (14)

[1]     **Mandamus**
          🔑 Remedy at Law
        **Mandamus**
          🔑 Nature of acts to be commanded
        Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law.

        1 Cases that cite this headnote

[2]     **Appeal and Error**

          🔑 Nature and Extent of Discretionary Power
        **Mandamus**
          🔑 Matters of discretion
        A trial court has no discretion in determining what the law is or applying the law to the facts, and a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion for mandamus purposes.

        Cases that cite this headnote

[3]     **Mandamus**
          🔑 Matters of discretion
        To satisfy the clear abuse of discretion standard for issuance of a writ of mandamus, the relator must show that the trial court could reasonably have reached only one decision.

        Cases that cite this headnote

[4]     **Mandamus**
          🔑 Remedy at Law
        Appellate court will not issue a writ of mandamus if there is a clear and adequate remedy at law.

        Cases that cite this headnote

[5]     **Mandamus**
          🔑 Nature and existence of rights to be protected or enforced
        Since mandamus is intended as an extraordinary remedy, such interference is justified only when parties stand to lose their substantial rights.

        Cases that cite this headnote

[6]     **Action**
          🔑 Severance of actions
        **Action**
          🔑 Nature and subject matter of actions in general
        Trial court was required to sever and abate claim for underinsured motorist (UIM) benefits brought by employee involved in motor vehicle accident with other motorist against employer's automobile insurer from employee's bad faith

claims against insurer, as insurer was under no contractual duty to pay UIM benefits until employee established the liability and underinsured status of the other motorist, and, thus, insurer should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits, in that to require such would not do justice, avoid prejudice, and further convenience.

6 Cases that cite this headnote

**[7]** **Action**
  ⚷ Severance of actions
**Trial**
  ⚷ Separate Trials in Same Cause

Severance and bifurcation are distinct trial procedures; a "severance" divides the lawsuit into two or more separate and independent causes, but the "bifurcation" of a trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all controverted issues at the same time.

3 Cases that cite this headnote

**[8]** **Action**
  ⚷ Severance of actions

Claims are properly severable if: (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues.

Cases that cite this headnote

**[9]** **Action**
  ⚷ Severance of actions

The controlling reasons for a severance of claims are to do justice, avoid prejudice, and further convenience.

2 Cases that cite this headnote

**[10]** **Insurance**
  ⚷ Prerequisites for Claim of Breach or Bad Faith
**Insurance**
  ⚷ Bad faith in general

Contractual claims based on an insurance policy and bad faith claims against an insurer are by their nature independent, but, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract.

2 Cases that cite this headnote

**[11]** **Insurance**
  ⚷ Necessity of Tort Liability

In a case in which underinsured motorist (UIM) benefits are sought from an automobile insurer, the UIM insurer is obligated to pay damages which the insured is legally entitled to recover from the underinsured motorist. V.A.T.S. Insurance Code, art. 5.06–1(5) (Repealed).

2 Cases that cite this headnote

**[12]** **Insurance**
  ⚷ Necessity of Tort Liability
**Insurance**
  ⚷ Underinsurance; exhausted coverage
**Insurance**
  ⚷ Determination of Tort Liability; Actions and Settlements

An underinsured motorist (UIM) insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist; neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay.

2 Cases that cite this headnote

**[13]** **Insurance**
  ⚷ Uninsured or Underinsured Motorist Coverage

**Insurance**

Necessity of Tort Liability

**Insurance**

Claims and Settlement Practices

For an insured to recover for underinsured motorist (UIM) benefits under an automobile insurance policy, he must prove not only that the purported underinsured motorist negligently caused the accident that resulted in the covered damages, but also that all applicable policy provisions have been satisfied.

1 Cases that cite this headnote

**[14]** **Mandamus**

Modification or vacation of judgment or order

Employer's automobile insurer, against which employee had brought claim for underinsured motorist (UIM) benefits as well as bad faith claims, had no adequate remedy by appeal with respect to trial court's abuse of discretion in denying its motion to sever and abate UIM claim from bad faith claims, and, thus, mandamus relief was appropriate, as if mandamus was not granted, insurer stood to lose substantial rights by being required to prepare for claims that might be rendered moot and might have not even yet accrued.

3 Cases that cite this headnote

**\*252** Original Mandamus Proceeding. [1]

**Attorneys and Law Firms**

Clay E. Coalson, Donnell, Abernethy & Kieschnick, Corpus Christi, TX, Jose L. Gamez, Donnell, Abernethy & Kieschnick, Edinburg, TX, for Appellant.

Ronald A. Ramos, Nadine Nieto, Law Offices of Ronald A. Ramos, P.C., Adam Poncio, Poncio Law Offices, P.C., San Antonio, TX, Bryan W. Jones, Texas Mutual Insurance Company, Austin, TX, for Appellee.

Sitting: KAREN ANGELINI, Justice, REBECCA SIMMONS, Justice, MARIALYN BARNARD, Justice.

**OPINION**

Opinion by: REBECCA SIMMONS, Justice.

On February 8, 2010, relator United Fire Lloyds filed a petition for writ of mandamus, seeking to compel the trial court to (1) vacate the October 7, 2009 Order Granting Plaintiff's Motion for a Bifurcated Trial, (2) vacate the October 13, 2009 Order Denying Defendant United Fire Lloyd's Motion to Sever and Abate Plaintiff's Extra–Contractual Claims, and (3) grant United Fire's Motion to Sever and Abate Plaintiff's Extra–Contractual Claims. We conditionally grant mandamus relief.

**BACKGROUND**

The underlying suit arose from a motor vehicle accident involving Juan Garcia and Ramon Valverde. Garcia filed suit against United Fire for underinsured motorist ("UIM") benefits under his employer's insurance policy. The original petition only alleged a claim for UIM benefits, but subsequently filed petitions added extra-contractual (bad faith) claims. The Fourth **\*253** Amended Petition [2] alleged the following bad faith claims in violation of the Texas Insurance Code: (1) failing to commence an investigation of Garcia's claim and failing to request from the claimant all items, statements, and forms in order to properly evaluate Garcia's claim in violation of section 542.055; and (2) engaging in unfair settlement practices in violation of section 541.060. [3]

United Fire contends it made a settlement offer in the amount of $100,000 during mediation. However, no settlement agreement was ever reached. Later, United Fire filed a motion to sever and abate Garcia's UIM claim from the bad faith claims. As the basis for the motion, United Fire asserted a severance was necessary because the introduction of the settlement offer, the policy limits, and the facts concerning United Fire's handling of the claim, as they relate to the bad faith claims, would prejudice United Fire in the trial of the UIM claim, and would confuse, complicate, and considerably lengthen the trial. Garcia then filed a motion for a bifurcated trial as an alternative to the severance and abatement. As authority for his motion, Garcia relied on this court's opinion in *In re Travelers Lloyds of Tex. Ins. Co.,* in which we concluded the trial court did not abuse its discretion in bifurcating over severing the contractual

claims from the bad faith claims. *See* 273 S.W.3d 368, 373–75 (Tex.App.-San Antonio 2008, orig. proceeding). Garcia contended a severance would be judicially wasteful, would unduly prejudice him, and the disposition of the trial on the UIM claim would not eliminate the trial on the bad faith claims. In response to the motion for a bifurcated trial, United Fire asserted that a UIM claim is different from other types of contractual insurance claims because there is no contractual duty to pay benefits until the insured obtains a judgment establishing liability and the underinsured status of the other motorist. Therefore, United Fire claimed no bad faith claims had yet accrued, and the trial on the UIM claim would control the outcome of the bad faith claims. After a hearing, the trial court granted Garcia's motion for a bifurcated trial and denied United Fire Lloyd's motion to sever and abate. This petition for writ of mandamus ensued.

## ANALYSIS

### I. Standard of Review

[1] [2] [3] [4] [5] [6] Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135 (Tex.2004) (orig. proceeding); *Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992) (orig. proceeding). "A trial court has no 'discretion' in determining what the law is or applying the law to the facts," and "a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion" **\*254** *Walker,* 827 S.W.2d at 840. "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.' " *Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 630 (Tex.1996) (quoting *Walker,* 827 S.W.2d at 840). However, this court will not issue a writ of mandamus if there is a clear and adequate remedy at law. *See Walker,* 827 S.W.2d at 840. Since mandamus is intended as an extraordinary remedy, such interference is justified only when parties stand to lose their substantial rights. *Id.* at 842.

### II. Severance or Bifurcation?

[7] [8] [9] Severance and bifurcation are distinct trial procedures. *Hall v. City of Austin,* 450 S.W.2d 836, 837–38 (Tex.1970). A severance divides the lawsuit into two or more separate and independent causes. *Id.* However, the bifurcation of a trial leaves the lawsuit intact but enables the court to hear and determine one or more issues without trying all

controverted issues at the same time. *Id.* Claims are properly severable if (1) the controversy involves more than one cause of action, (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted, and (3) the severed claim is not so interwoven with the remaining action that they involve the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990). "The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience." *Id.*

[10] Contractual claims based on an insurance policy and bad faith claims are by their nature independent. *Akin,* 927 S.W.2d at 629. "But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract." *Id.* In *Akin,* the Texas Supreme Court concluded that a severance may be necessary in some bad faith cases. *Id.* at 630. For instance, when evidence is admissible only with regard to the bad faith claim and would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. *Id.*

Following *Akin,* numerous intermediate courts of appeals have considered whether it is an abuse of discretion for a trial court to refuse to order a severance of contractual claims from bad faith claims when a settlement offer has been made. *See, e.g., In re Miller,* 202 S.W.3d 922, 925–26 (Tex.App.-Tyler 2006, orig. proceeding [mand. denied] ); *In re Allstate Tex. Lloyds,* No. 14–05–00762–CV, 2005 WL 2277134, at * 4 (Tex.App.-Houston [14th Dist] Sept. 2, 2005, orig. proceeding) (mem. op.); *In re Allstate Indem. Co.,* 05–03–01496–CV, 2003 WL 22456345, at *1 (Tex.App.-Dallas Oct. 30, 2003, orig. proceeding) (mem. op.); *In re Trinity Universal Ins. Co.,* 64 S.W.3d 463, 468 (Tex.App.-Amarillo 2001, orig. proceeding [mand. denied] ). Eventually, parties began seeking bifurcation of the contractual claims from the bad faith claims as an alternative to severance. *See In re Travelers,* 273 S.W.3d at 373–75; *In re Allstate Tex. Lloyds,* 202 S.W.3d 895, 900 (Tex.App.-Corpus Christi 2006, orig. proceeding [mand. denied] ) (concluding plaintiffs failed to meet their burden that they would be prejudiced by the bifurcation of contractual claims under a homeowner's insurance policy and bad faith claims instead of severing and abating the claims). But we are only aware of a few cases in the context of a UIM claim that have considered whether severance and abatement is necessary over bifurcation. *See In re Allstate Prop. and Cas. Ins. Co.,* No. 02–07–00141–CV, 2007 WL 1574964, at *1 (Tex.App.-Fort Worth May 30, 2007, orig. proceeding) (mem. op.) (holding it was an abuse of discretion to bifurcate **\*255** instead of severing

and abating the UIM claim from the bad faith claims); *In re Allstate County Mut. Ins. Co.,* 209 S.W.3d 742, 746–47 (Tex.App.-Tyler 2006, orig. proceeding) (concluding it was an abuse of discretion to bifurcate instead of severing the UIM claim from the bad faith claims). However, these cases fail to discuss the necessity of severance and abatement rather than bifurcation in the context of a UIM claim.

 [11]    [12]    In a UIM case, "[t]he UIM insurer is obligated to pay damages which the insured is 'legally entitled to recover' from the underinsured motorist." *Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809, 818 (Tex.2006) (citing TEX. INS.CODE art. 5.06–1(5)). In *Brainard,* the Texas Supreme Court expounded on the uniqueness of a UIM case as follows:

> The UIM contract is unique because, according to its terms, benefits are conditioned upon the insured's legal entitlement to receive damages from a third party. Unlike many first-party insurance contracts, in which the policy alone dictates coverage, UIM insurance utilizes tort law to determine coverage. Consequently, the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined.

*See Brainard,* 216 S.W.3d at 818 (citing *Henson v. S. Farm Bureau Cas. Ins. Co.,* 17 S.W.3d 652, 654 (Tex.2000)).[4] Therefore, "the UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist.... Neither requesting UIM benefits nor filing suit against the insurer triggers a contractual duty to pay." *Id.*

 [13]    Therefore, in order for Garcia to recover under his UIM claim, he must prove not only that the purported underinsured motorist negligently caused the accident that resulted in the covered damages, but also that all applicable policy provisions have been satisfied. *See Allstate Ins. Co. v. Bonner,* 51 S.W.3d 289, 291–92 (Tex.2001); *Wellisch v. United Servs. Auto. Ass'n,* 75 S.W.3d 53, 57 (Tex.App.-San Antonio 2002, pet. denied) (holding that because an insurer is not obligated to pay UIM benefits until the insured becomes legally entitled to those benefits, an insurer has the right to withhold payment of UIM benefits until the insured's legal entitlement is established). As a result, United Fire contends the trial court abused its discretion in bifurcating rather than

severing and abating because it is disputed whether there is a covered loss. United Fire argues it should not be required to prepare for a trial on bad faith claims when it has no contractual duty to pay the UIM claim until Garcia obtains a judgment establishing the underinsured motorist's liability and underinsured status.

Garcia responds that it is not disputed that he has a covered loss and the bad faith claims will not be mooted by a trial on the UIM claim; therefore, this court should hold the trial court did not abuse its discretion in bifurcating the trial rather than severing and abating.[5] Garcia relies **\*256** primarily on *In re Travelers* to support his argument. *See* 273 S.W.3d at 373–75. However, we do not find *In re Travelers* controlling because it was not a UIM case. *Id. In re Travelers* involved a suit filed by homeowners against their homeowners' insurance carrier for breach of contract and bad faith for mishandling their claim. *Id.* at 370. This court concluded that "[b]ecause the trial of the [plaintiffs'] extra-contractual claims is unaffected by the outcome of their contractual claim, a single bifurcated trial preceded by unified discovery and pretrial proceedings promotes judicial economy better than severance and abatement." *Id.* at 374. As a result, this court determined the trial court did not abuse its discretion in bifurcating the case because "[u]nder these circumstances, the primary justification for abatement of the extra-contractual claims—avoiding the effort and expense of conducting discovery on claims that may be rendered moot in a previous trial—is non-existent because the disposition of the contractual claim will not moot the extra-contractual claims." *Id.*

This court's determination that bifurcation is an appropriate alternative to severance is not applicable to the present case because a UIM claim that involves a dispute as to whether there is a covered loss is distinguishable from a homeowners' insurance claim where the existence of a covered loss is not disputed. Unlike the situation presented in *In re Travelers,* United Fire disputes whether Garcia has a covered loss. As a result, a determination of Garcia's UIM claim may negate his bad faith claims. *See Progressive County Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex.2005) (recognizing bad faith claims are generally negated by a lack of coverage under the insurance policy); *Akin,* 927 S.W.2d at 630–31 (recognizing that judgment for the insurer on the coverage claim prohibits recovery premised only on the bad faith denial of a claim, but does not necessarily bar all claims for bad faith); *In re Miller,* 202 S.W.3d at 925 (concluding that bad faith claims are negated by a lack of coverage under the insurance policy).

As a result of the foregoing, we are constrained by the clear holding in *Brainard,* and hold that United Fire is under no contractual duty to pay UIM benefits until Garcia establishes the liability and underinsured status of the other motorist. *See Brainard,* 216 S.W.3d at 818. Therefore, United Fire should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to UIM benefits. To require such would not do justice, avoid prejudice, and further convenience. *See Guar. Fed. Sav. Bank,* 793 S.W.2d at 658. Under these circumstances, we conclude the trial court abused its discretion in bifurcating the case instead of severing and abating the UIM claim from the bad faith claims.

 **[14]**   We further conclude United Fire does not have an adequate remedy by appeal because if mandamus is not granted it stands to lose substantial rights by being required to prepare for claims that may be rendered moot and may have not even yet accrued. *See U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 675 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding); *In re Trinity Universal Ins. Co.,* 64 S.W.3d 463, 468 (Tex.App.-Amarillo 2001, orig. proceeding [mand. denied] ).

Finally, we address Garcia's contention that United Fire waived any complaint as to the wording or form of the order. Typically in a mandamus situation, a party preserves its complaint by requesting an order and the trial court either grants or **\*257**  does not grant the request to enter an order. *See Axelson, Inc. v. McIlhany,* 798 S.W.2d 550, 556 (Tex.1990). It is unclear what Garcia contends United Fire waived since United Fire's complaint is that the trial court improperly granted a bifurcated trial over severing and abating the UIM claim from the bad faith claims. United Fire does not appear to complain about the form or contents of the bifurcation order. Therefore, we do not find United Fire waived any complaints.

## CONCLUSION

We conclude the trial court abused its discretion in granting Juan Garcia's motion for a bifurcated trial and denying United Fire's motion to sever and abate. Accordingly, we conditionally grant the writ of mandamus. The trial court is ordered to (1) vacate the October 7, 2009 Order Granting Plaintiff's Motion for a Bifurcated Trial, (2) vacate the October 13, 2009 Order Denying Defendant United Fire Lloyd's Motion to Sever and Abate Plaintiff's Extra–Contractual Claims, and (3) grant United Fire's Motion to Sever and Abate Plaintiff's Extra–Contractual Claims. The writ will issue only if the trial court fails to comply within fourteen days.

## Footnotes

1       This proceeding arises out of Cause No. 2008–CVE000521–D1, *Juan Garcia, Plaintiff, Texas Mutual Insurance Co., As Subrogee of Juan Garcia, Intervenor v. United Fire Lloyds,* pending in the 49th Judicial District Court, Webb County, Texas, the Honorable Jose A. Lopez presiding.

2       The live petition is the Fifth Amended Petition. However, it was filed after the trial court granted the motion to bifurcate. In considering whether the trial court abused its discretion in denying United Fire's motion to sever and abate, we limit our review to the record that was before the trial court at the time the "decision was made." *In re Bristol–Myers Squibb Co.,* 975 S.W.2d 601, 605 (Tex.1998).

3       Specifically, Garcia contends United Fire engaged in unfair settlement practices by: (1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Garcia's claim after liability had become reasonably clear, (2) refusing, failing or unreasonably delaying a settlement offer on the basis that other coverage may be available, and (3) delaying or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy part of the loss.

4       We acknowledge *Brainard* involved a different issue than the case at hand: a determination as to when presentment of a contract claim was made in order to determine whether a party was entitled to attorney's fees in accordance with Chapter 38 of the Texas Civil Practice and Remedies Code. *Id.*

5       We note that in Garcia's Sur–Reply he provides, "The truth of the matter is the primary claims will be decided and then, if warranted, extra-contracial [sic] claims will be determined in the bifurcated portion of the trial." However, later Garcia again contends that the extra-contractual claims will not be rendered moot by judgment in the first phase of the trial due to bifurcation.

**End of Document**                                             © 2014 Thomson Reuters. No claim to original U.S. Government Works.

**TAB C**

439 S.W.3d 422
Court of Appeals of Texas,
Houston (1st Dist.).

In re PROGRESSIVE COUNTY MUTUAL
INSURANCE COMPANY, Relator.

No. 01–14–00199–CV.  |  June 12, 2014.

**Synopsis**
**Background:** Insured brought action against uninsured motorist (UM) carrier to recover for breach of contract, breach of the duty of good faith and fair dealing, and statutory violations. The 215th District Court, Harris County, Elaine H. Palmer, J., denied carrier's motion to sever and abate extra-contractual claims. Carrier petitioned for writ of mandamus.

**[Holding:]** The Court of Appeals, Harvey Brown, J., held that severance of extra-contractual claims from breach of contract claim was required.

Writ conditionally granted.

West Headnotes (9)

**[1]** **Mandamus**
&#128273; Remedy by Appeal or Writ of Error
**Mandamus**
&#128273; Matters of discretion

Court of Appeals may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of duty imposed by law when no adequate remedy by appeal exists.

Cases that cite this headnote

**[2]** **Mandamus**
&#128273; Matters of discretion

A clear abuse of discretion occurs supporting mandamus relief when the trial court's decision is so arbitrary and unreasonable that it amounts to clear error.

Cases that cite this headnote

**[3]** **Mandamus**
&#128273; Matters of discretion

Because a trial court has no discretion in determining what the law is, the trial court abuses its discretion, thus supporting claim for mandamus relief, if it clearly fails to analyze or apply the law correctly.

Cases that cite this headnote

**[4]** **Mandamus**
&#128273; Remedy by Appeal or Writ of Error

In determining whether appeal is an adequate remedy, Court of Appeals considers whether the benefits outweigh the detriments of mandamus review.

Cases that cite this headnote

**[5]** **Action**
&#128273; Severance of actions

The trial court has broad discretion in the severance of causes of action. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

Cases that cite this headnote

**[6]** **Action**
&#128273; Severance of actions

The trial court has a duty to order severance of causes of action when all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

1 Cases that cite this headnote

**[7]** **Action**
&#128273; Severance of actions

Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

Cases that cite this headnote

[8]    **Action**
&#128273; Severance of actions

Severance of insured's extra-contractual claims from breach of contract claim was required in order to avoid prejudice and prevent manifest injustice to uninsured motorist (UM) carrier from need to expend resources answering discovery far broader than the car accident claim; documents related to lawsuits and claims against carrier regarding the denial of UM and underinsured motorist (UIM) claims for over ten years were irrelevant to contract claim, and introducing carrier's claims handling history in unrelated accidents at trial of breach-of-contract claim would be manifestly unjust. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

1 Cases that cite this headnote

[9]    **Mandamus**
&#128273; Modification or vacation of judgment or order

**Mandamus**
&#128273; Proceedings in civil actions in general

Appeal was not adequate remedy for trial court's improper refusal to sever and abate insured's extra-contractual claims from breach of contract claim against uninsured motorist (UM) carrier, and, thus, writ of mandamus would be granted if trial court failed to comply. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

1 Cases that cite this headnote

## Attorneys and Law Firms

**\*424** Mark R. Lapidus, Megan L. Knudsen, Lapidus Knudsen, PC, Houston, TX, for Relator.

Timothy R. Hightower, Alexandra Muthcler, Houston, TX, for Real Party in Interest.

Panel consists of Justices KEYES, BLAND and BROWN.

## OPINION

HARVEY BROWN, Justice.

Relator, Progressive County Mutual Insurance Company seeks a writ of mandamus compelling the trial court to (1) vacate its order denying Progressive's motion to sever extra-contractual claims asserted against it and (2) enter an order abating those extra-contractual claims until the breach-of-contract claim brought by Alma Guia, the real party in interest, has been resolved. We conditionally grant the writ.

## Background

Following an automobile collision with an uninsured motorist's vehicle, Guia sued her insurer, Progressive. [1] While investigation into the claim was ongoing, Guia sued Progressive for breach of the uninsured motorist provisions in her policy, violations of Chapter 542 of the Texas Insurance Code, violations of the Deceptive Trade Practices–Consumer Protection Act, and breach of the duty of good faith and fair dealing. Guia served Progressive with a number of discovery requests, some of which would not be relevant to the breach-of-contract claim. Progressive filed a motion to sever the breach of contract claim for uninsured motorist coverage from the extra-contractual claims. The trial court judge signed an order abating the motion to sever, allowing discovery to move forward on all claims, and deferring the other issues covered by the motion until the pretrial hearing. Progressive filed a writ seeking to compel severance and abatement.

## Standard of Review

[1]    [2]    [3]    [4]    We may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of duty imposed by law when no adequate remedy by appeal exists. *See Walker v. Packer,* 827 S.W.2d 833, 839

(Tex.1992) (orig. proceeding). A clear abuse of discretion occurs when the trial court's decision is so arbitrary and unreasonable that it amounts to clear error. *See id.* (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)). Because a trial court has no discretion in determining what the law is, the trial court abuses its discretion if it clearly fails to analyze or apply the law correctly. *See id.* at 840. "In determining whether appeal is an adequate remedy, [we] consider whether the benefits outweigh the detriments of mandamus review." *In re BP Prods. N. Am., Inc.,* 244 S.W.3d 840, 845 (Tex.2008) (orig. proceeding).

 **[5]** **[6]** The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 734 (Tex.1984); *Black v. Smith,* 956 S.W.2d 72, 75 (Tex.App.-Houston [14th Dist.] 1997, orig. proceeding). However, that discretion is not unlimited. *See U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 671 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding). The trial court has a duty to order severance when **\*425** "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby." *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 682–83 (Tex.1956) (orig. proceeding).

## Severance of Contractual and Extra–Contractual Claims

 **[7]** Texas Rule of Civil Procedure 41 governs severance of claims. *See* TEX.R. CIV. P. 41. The rule provides, in part, that "[a]ctions which have been improperly joined may be severed ... on such terms as are just. Any claim against a party may be severed and proceeded with separately." *Id.* The predominant reasons for a severance are to do justice, avoid prejudice, and promote convenience. *F.F.P. Op. Partners, L.P. v. Duenez,* 237 S.W.3d 680, 693 (Tex.2007). Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990). Only the third element is in dispute here.

In *Liberty National Fire Insurance Co. v. Akin,* the Texas Supreme Court considered whether severance was required in a case involving breach of contract and extra-contractual claims against an insurer under a homeowner's policy. 927 S.W.2d 627 (Tex.1996). In refusing to grant mandamus relief, the Court rejected "an inflexible rule that would deny the trial court all discretion and ... require severance in every case [involving bad-faith insurance claims], regardless of the likelihood of prejudice." *Id.* at 630. Ultimately, the Court concluded that the contractual and extra-contractual claims in that case were interwoven, with most evidence admissible on both claims, and that any prejudicial effect could be ameliorated by appropriate limiting instructions. *See id.* The Court went on to

> Several Texas appellate courts have found severance may nevertheless be necessary in some bad faith cases. A trial court will undoubtedly confront instances in which evidence admissible only on the bad faith claim would prejudice the insurer to such an extent that a fair trial on the contract claim would become unlikely. One example would be when the insurer has made a settlement offer on the disputed contract claim. As we have noted, some courts have concluded that the insurer would be unfairly prejudiced by having to defend the contract claim at the same time and before the same jury that would consider evidence that the insurer had offered to settle the entire dispute. While we concur with these decisions, we hasten to add that evidence of this sort simply does not exist in this case. In the absence of a settlement offer on the entire contract claim, or other compelling circumstances, severance is not required.

*Id.* (internal citations omitted); *see also In re Miller,* 202 S.W.3d 922, 925–26 (Tex.App.-Tyler 2006, orig. proceeding [mand. denied ] ); *In re Trinity Universal Ins. Co.,* 64 S.W.3d 463, 468 (Tex.App.-Amarillo 2001, orig. proceeding [mand. denied] ). Thus, in *Liberty National,* the Court opined a settlement offer by an insurer may create a situation where severance of an insured's contract claim is required. 927 S.W.2d at 630 (Tex.1996).

There is no evidence in the record that Progressive made a settlement offer to **\*426** Guia. However, *Liberty National* does not limit severance to cases where such an offer has been made, instead holding that "other compelling circumstances" may also require severance. *Id.* In the case before us, Progressive argues that "other compelling circumstances" should include the effort and cost associated with conducting discovery on extra-contractual claims that have not yet accrued because the insured's breach-of-contract claim has not yet been decided.

Several courts of appeals have considered the issues of severance and abatement in the context of uninsured motorist or underinsured motorist insurance coverage; these courts have concluded that, when uninsured motorist claims are involved, severance of the extra-contractual claims was required. *See In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d 429 (Tex.App.-Austin 2012, orig. proceeding) (concluding trial court abused discretion by denying insurer's motion for severance and abatement of extra-contractual claims where settlement offer was made on underinsured motorist claim); *In re Reynolds,* 369 S.W.3d 638, 650–55 (Tex.App.-Tyler 2012, orig. proceeding) (holding severance of underinsured motorist claim was required to prevent prejudice); *In re United Fire Lloyds,* 327 S.W.3d 250, 257 (Tex.App.-San Antonio 2010, orig. proceeding) (finding abuse of discretion in granting motion for bifurcation of trial rather than severance and abatement of extra-contractual claims); *see also In re Old Am. Cnty. Mut. Fire Ins. Co.,* No. 13–12–00700–CV, 2013 WL 398866 (Tex.App.-Corpus Christi January 30, 2013, orig. proceeding) (mem. op.) (holding that severance and abatement of extra-contractual claims is required in many instances when insured asserts claim to uninsured or underinsured motorist benefits); *In re Farmers Tex. Cnty. Mut. Ins. Co.,* No. 07–11–00396–CV, 2011 WL 4916303, (Tex.App.-Amarillo Oct. 17, 2011, orig. proceeding) (mem. op.) (denying mandamus because complaint was not preserved, but agreeing that abatement of extra-contractual claims is required in most instances when an insured asserts claim to uninsured motorist benefits).

The San Antonio Court of Appeals explained its determination that mandamus relief was proper to compel severance and abatement of an underinsured motorist claim from related bad faith claims as follows:

> [The insurer] is under no contractual duty to pay [underinsured motorist] benefits until [the insured] establishes the liability and underinsured status of the other motorist. Therefore, [the insurer] should not be required to put forth the effort and expense of conducting discovery, preparing for a trial, and conducting voir dire on bad faith claims that could be rendered moot by the portion of the trial relating to [underinsured motorist] benefits. To require such would not do justice, avoid prejudice, and further convenience. Under these circumstances, we conclude the trial court abused its discretion in bifurcating the case instead of severing and abating the [underinsured motorist] claim from the bad faith claims.

*In re United Fire Lloyds,* 327 S.W.3d at 256. [2]

 **\*427**  **[8]**  In this case, to prevail on her extra-contractual claims against Progressive, Guia must demonstrate that Progressive was contractually obligated to pay her uninsured motorist claim. To do this, Guia must first prove that she had uninsured motorist coverage, that the other driver negligently caused the accident and was uninsured, and the amount of her damages. *See In re Reynolds,* 369 S.W.3d at 652. It appears that the first issue is not in dispute. Therefore, Guia's breach-of-contract claim will essentially involve the issues in a typical car wreck: the comparative negligence of Guia and the other driver and Guia's damages. The bad faith claim here is more complicated. In her most recent petition, she alleges that Progressive breached their duty of good faith and fair dealing, violated the insurance code by failing to timely pay the claim, and further alleges Progressive's conduct was knowing and intentional in violation of the Deceptive Trade Practices Act. In discovery, Guia seeks production of all documents related to lawsuits and claims against Progressive regarding the denial of uninsured/underinsured motorist claims for over ten years. Examples of these requests include:

> Request 3. Produce all documents of any type as to claims asserted against Progressive during period from January 1, 2001, up to and including present day as a result of nonpayment of uninsured/underinsured motorist claims in Texas regardless of whether a lawsuit was filed and/or liability was denied.

Request 4. Produce all documents of any type as to all lawsuits filed against Progressive during period from January 1, 2001, up to and including present day, as a result of nonpayment of uninsured/underinsured motorist claims in Texas regardless of whether liability was denied.

...

Request 16. A copy of each and every policy, manual, protocol, instruction booklet or similar writing concerning procedures for the investigation and handling of uninsured/underinsured motorist claim which was in effect at the time Plaintiff made her claims in this case, and for the seven years preceding Progressive's denial of Plaintiff's claim.

These requested documents are irrelevant to the breach-of-contract claim, and the introduction of Progressive's claims handling history in unrelated accidents at the trial of Guia's breach-of-contract claim would be manifestly unjust. *See Womack v. Berry,* 291 S.W.2d at 682–83 (Tex.1956) (orig. proceeding).

The trial court's abatement of any decision on severance until the eve of trial requires the parties to engage in discovery on the extra-contractual claims and prepare for a trial on these claims, even though extra-contractual liability could only accrue if Progressive is found liable on the contract. *See In re United Fire Lloyds,* 327 S.W.3d at 256. Accordingly, the trial court's decision to postpone severance, unless writ is granted, will require Progressive to expend resources answering discovery that is far broader than the car accident claim that must be resolved.

Consistent with *In re Reynolds* and *In re United Fire Lloyds,* we conclude that severance of insured's extra-contractual claims is required in this instance to avoid prejudice.

### Adequate Remedy by Appeal

[9] A writ of mandamus will issue only if there is no adequate remedy available by direct appeal. *See* **\*428**

*Walker,* 827 S.W.2d at 839. The Corpus Christi Court of Appeals in *In re United Fire Lloyds* concluded the insurer did not have an adequate remedy by appeal because, if a writ of mandamus were not granted, the insurer stood to lose substantial rights by being required to prepare for claims that might be rendered moot and never even accrue. *In re Fire Lloyds,* 327 S.W.3d at 256 (citing *U.S. Fire Ins. Co.,* 847 S.W.2d at 675; *In re Trinity Universal Ins. Co.,* 64 S.W.3d at 468).

The Corpus Christi Court of Appeals agreed. *See In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866. Likewise, other appellate courts have also found these claims do not have an adequate remedy by appeal. *See In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d 429, 439; *In re Reynolds,* 369 S.W.3d at 658; *In re United Fire Lloyds,* 327 S.W.3d at 256.

### Conclusion

Based on our review of the record, we conclude that Guia's extra-contractual claims against Progressive are severable, the facts and circumstances of the case require a severance to prevent manifest injustice, and the legal rights of the parties will not be prejudiced thereby. *See Womack,* 291 S.W.2d at 683. The trial court, therefore, abused its discretion in refusing to sever and abate the uninsured motorist claims from the bad faith claims pending the determination of Progressive's liability for the uninsured motorist damages under the policy. *See In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d 429; *In re Reynolds,* 369 S.W.3d at 650–55; *In re United Fire Lloyds,* 327 S.W.3d at 257; *see also In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866; *In re Farmers Tex. Cnty. Mut. Ins. Co.,* 2011 WL 4916303.

We conditionally grant Progressive's writ of mandamus and order the trial court to vacate the February 11, 2014 Order, grant Progressive County Mutual Insurance Company's Motion to Sever, and abate the extra-contractual claims. We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

---

Footnotes

1    The underlying case is *Alma Guia v. Jessica Nicole Estes, Relinda Estes, Progressive Insurance Company and Progressive County Mutual Insurance Company;* No. 2012–57535, in the 215th District Court of Harris County, Texas, the Honorable Elaine H. Palmer presiding.

2    The court relied on the Texas Supreme Court's reasoning in *Brainard v. Trinity Universal Insurance Co.,* 216 S.W.3d 809 (Tex.2006), but acknowledged that *Brainard* concerned timing of presentment of contract claim to determine whether party was entitled to

attorney's fees under Chapter 38 of Texas Civil Practice and Remedies Code, rather than severance and abatement in the context of uninsured motorist claim. *See In re United Fire Lloyds,* 327 S.W.3d 250, 257 (Tex.App.-San Antonio 2010, orig. proceeding) (discussing *Brainard,* 216 S.W.3d at 818).

© 2014 Thomson Reuters. No claim to original U.S. Government Works.



**TAB D**

2014 WL 5285850
Only the Westlaw citation is currently available.

NOTICE: THIS OPINION HAS NOT BEEN
RELEASED FOR PUBLICATION IN THE
PERMANENT LAW REPORTS. UNTIL RELEASED,
IT IS SUBJECT TO REVISION OR WITHDRAWAL.

Court of Appeals of Texas,
Houston (1st Dist.).

In re ALLSTATE COUNTY MUTUAL
INSURANCE COMPANY, Relator.

No. 01–14–00068–CV.  |  Oct. 16, 2014.

**Synopsis**
**Background:** Insured brought action against underinsured motorist (UIM) carrier to recover for breach of contract, breach of duty of good faith in settlement, and misrepresentation of insurance policy. The 240th District Court, Fort Bend County, Pedro Ruiz, J., denied carrier's motion to sever and abate extra-contractual claims. Carrier petitioned for writ of mandamus.

**Holdings:** The Court of Appeals, Sherry Radack, C.J., held that:

[1] severance of settlement claims was required, but

[2] severance of misrepresentation claims was not required.

Writ granted in part.

West Headnotes (8)

[1]      **Action**
 Severance of Actions
Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it

involves the same facts and issues. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

Cases that cite this headnote

[2]      **Action**
 Severance of Actions
Controlling reasons to allow a severance are to avoid prejudice, do justice, and promote convenience. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

Cases that cite this headnote

[3]      **Action**
 Severance of Actions
Trial court has a duty to order severance when all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and the legal rights of the parties will not be prejudiced thereby. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

Cases that cite this headnote

[4]      **Insurance**
 Settlement Duties;  Bad Faith
An insurer generally cannot be liable for failing to settle or investigate a claim that it has no contractual duty to pay.

Cases that cite this headnote

[5]      **Insurance**
 Uninsured or Underinsured Motorist Coverage
**Insurance**
 Necessity of Tort Liability
**Insurance**
 Underinsurance;  Exhausted Coverage
In the context of underinsured motorist coverage, an insurer is under no contractual duty to pay underinsured motorist benefits until the insured proves that the insured has underinsured motorist coverage, that the

underinsured motorist negligently caused the accident that resulted in the covered damages, the amount of the insured's damages, and that the underinsured motorist's insurance coverage is deficient.

Cases that cite this headnote

**[6]    Insurance**
  👉 Duty to Settle or Pay

**Insurance**
  👉 Investigations and Inspections

An insured generally must first establish that the insurer is liable on the contract before the insured can recover on extra-contractual causes of action against an insurer for failing to promptly pay, failing to settle, or failing to investigate an underinsured motorist insurance claim.

Cases that cite this headnote

**[7]    Action**
  👉 Severance of Actions

Severance of insured's settlement claims from breach of contract claim was required in order to avoid prejudice and prevent manifest injustice to underinsured motorist (UIM) carrier from need to expend resources answering discovery far broader than car accident claim; allowing insureds to conduct broad discovery into carrier's claims handling history regarding unrelated accidents and then allowing introduction of such information at trial of breach of contract claim would be manifestly unjust. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

Cases that cite this headnote

**[8]    Action**
  👉 Severance of Actions

Trial court acted within its discretion when it denied underinsured motorist (UIM) carrier's motion to sever insureds' misrepresentation claims from breach of contract claim; misrepresentation claims were asserted as alternative causes of action to the breach of contract claim, and, therefore, requiring carrier to litigate the claims at the same time would

promote convenience and judicial economy. Vernon's Ann.Texas Rules Civ.Proc., Rule 41.

Cases that cite this headnote

**Attorneys and Law Firms**

Ronald J. Restrepo, Nicole S. Bakare, N. Kimberly Hoesl, Doyle, Restrepo, Harvin & Robbins, L.L.P., Houston, TX, for Appellant.

David L. Miller, Diane F. Burgess, Miller, Scamardi & Carrabba, P.C., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices JENNINGS and KEYES.

**OPINION**

SHERRY RADACK, Chief Justice.

**\*1** Relator, Allstate County Mutual Insurance Company, seeks a writ of mandamus compelling the trial court to (1) vacate its December 10, 2013 order denying Allstate's motion to sever and abate extra-contractual and bad faith claims asserted against it and (2) enter an order severing and abating those extra-contractual and bad faith claims until the breach of contract claim brought by the real parties in interest, Raymond Briers, Jr. and Stacy Briers (collectively, Briers), individually and as representatives of the estate of Grant Briers, has been resolved. [1] We partially grant relief.

**Background**

The Briers' minor son, Grant, was riding in a vehicle driven and owned by DaYonajja Williams when the vehicle was involved in a single-vehicle automobile collision. Grant died as a result of the automobile accident. Following Grant's death, the Briers filed a claim for underinsured motorist benefits with Allstate, pursuant to a business auto policy issued by Allstate to Raymond Briers Jr.'s employer, T & R Pipeline Services, Inc. Allstate denied the Briers' claim, stating that neither Raymond nor Grant was an "insured" under the policy and therefore they were not covered for an underinsured motorist claim.

The Briers then filed suit against Allstate, seeking a declaratory judgment stating that the Briers were covered by the policy and alleging, in a paragraph styled "Breach of Contract," that Allstate breached the underinsured motorist provisions of the insurance contract. The Briers also asserted the following extra-contractual causes of action: (1) that Allstate acted in bad faith by failing to settle or make a good faith attempt to settle the claim, which the Briers styled as "Bad Faith"; (2) that Allstate engaged in unfair settlement practices by failing to make a good faith settlement offer, in violation of Texas Insurance Code section 541.060(a) (2), styled as "Unfair Settlement Practices"; and (3) that Allstate failed to properly investigate, evaluate, and pay the Briers' claim, in violation of Texas Insurance Code section 541.060(a)(7), styled as "Failure to Promptly Pay Claims" (collectively, "settlement claims").

The Briers further alleged, in the event the trial court determined that they were not covered by the underinsured motorist provisions in the policy, the following alternative causes of action: (1) that Allstate, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix made material misrepresentations of fact and of law and failed to disclose a matter required to be disclosed, in violation of Texas Insurance Code section 541.061(3), (4), and (5), which they styled as "Misrepresentation of the Insurance Policy"; and (2) that Allstate, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix violated the Deceptive Trade Practices Act by representing that the Briers were covered under the policy, when they were not, styled as "Violations of the DTPA" (collectively, "misrepresentation claims").

**\*2** Allstate filed a motion to sever the extra-contractual claims from the breach of contract claim and abate those claims until the preliminary issue of coverage could be decided. The trial court denied the motion. Allstate filed this petition for a writ of mandamus, seeking to compel severance and abatement.

### Standard of Review

We may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of a duty imposed by law when no adequate remedy by appeal exists. *See Walker v. Packer,* 827 S.W.2d 833, 839 (Tex.1992) (orig. proceeding). A clear abuse of discretion occurs when the trial court's decision is so arbitrary and unreasonable that it amounts to clear error. *See id.* (quoting *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985)). Because a trial court has no discretion in determining what the law is, the trial court abuses its discretion if it clearly fails to analyze or apply the law correctly. *See id.* at 840. "To satisfy the clear abuse of discretion standard, the relator must show 'that the trial court could reasonably have reached only one decision.'"*Liberty Nat'l Fire Ins. Co. v. Akin,* 927 S.W.2d 627, 630 (Tex.1996) (orig. proceeding) (quoting *Walker,* 827 S.W.2d at 840).

"In determining whether appeal is an adequate remedy, [we] consider whether the benefits outweigh the detriments of mandamus review."*In re BP Prods. N. Am., Inc.,* 244 S.W.3d 840, 845 (Tex.2008) (orig. proceeding). We also consider "whether mandamus will spare litigants and the public 'the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.'"*In re Team Rocket, L.P.,* 256 S.W.3d 257, 262 (Tex.2008) (orig. proceeding) (quoting *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 136 (Tex.2004) (orig. proceeding)).

### Severance of Extra–Contractual and Bad Faith Claims

**[1]** **[2]** Texas Rule of Civil Procedure 41 governs severance of claims. *See*TEX.R. CIV. P. 41. The rule provides, in part, that "[a]ny claim against a party may be severed and proceeded with separately."*Id.* Claims are properly severable if: (1) the controversy involves more than one cause of action; (2) the severed claim is one that would be the proper subject of a lawsuit if independently asserted; and (3) the severed claim is not so interwoven with the remaining action that it involves the same facts and issues. *Guar. Fed. Sav. Bank v. Horseshoe Operating Co.,* 793 S.W.2d 652, 658 (Tex.1990). The controlling reasons to allow a severance are to avoid prejudice, do justice, and promote convenience. *F.F.P. Op. Partners, L.P. v. Duenez,* 237 S.W.3d 680, 693 (Tex.2007).

**[3]** The trial court has "broad" discretion in the severance of causes of action. *Morgan v. Compugraphic Corp.,* 675 S.W.2d 729, 734 (Tex.1984); *Black v. Smith,* 956 S.W.2d 72, 75 (Tex.App.-Houston [14th Dist.] 1997, orig. proceeding). However, that discretion is not unlimited. *See U.S. Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 671 (Tex.App.-Houston [1st Dist.] 1993, orig. proceeding). The trial court has a duty to order severance when "all of the facts and circumstances of the case unquestionably require a separate trial to prevent manifest injustice, and there is no fact or circumstance supporting or tending to support a contrary conclusion, and

the legal rights of the parties will not be prejudiced thereby ....” *Womack v. Berry,* 156 Tex. 44, 291 S.W.2d 677, 683 (1956) (orig. proceeding).

**\*3** In the context of insurance cases, a “breach of an insurance contract claim is separate and distinct from bad faith, Insurance Code or DTPA causes of action. Uninsured motorist claims and bad faith claims have been recognized as separate and distinct causes of action which might each constitute a complete lawsuit within itself.”*Millard,* 847 S.W.2d at 672 (internal citations omitted); *see Akin,* 927 S.W.2d at 629; *In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d 429, 433 (Tex.App.-Austin 2012, orig. proceeding); *In re United Fire Lloyds,* 327 S.W.3d 250, 254 (Tex.App.-San Antonio 2010, orig. proceeding). “But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract.” *Akin,* 927 S.W.2d at 629; *see also In re Progressive Cnty. Mut. Ins. Co.,* 439 S.W.3d 422, 426–27 (Tex.App.-Houston [1st Dist.] 2014, orig. proceeding) (stating that “extra-contractual liability could only accrue if [insurer] is found liable on the contract”); *In re Old Am. Cnty. Mut. Fire Ins. Co.,* No. 13–12–00700–CV, 2013 WL 398866, at \*4 (Tex.App.-Corpus Christi Jan. 30, 2013, orig. proceeding) (“[T]o prevail on their extra-contractual claims against Old American, plaintiffs must first demonstrate that Old American was contractually obligated to pay their uninsured motorist claim.”); *In re State Farm Mut. Auto. Ins. Co.,* 395 S.W.3d 229, 238 (Tex.App.-El Paso 2012, orig. proceeding) (quoting *Smith v. Allstate Ins.,* No. H–03–0651, 2007 WL 677992, at \*5 (S.D.Tex. Feb. 27, 2007)) (“Texas insurance law generally conditions recovery for bad faith and extracontractual claims on a recovery for breach of the insurance contract itself”). And, in insurance cases involving bad faith claims, the Texas Supreme Court has recognized that severance may be necessary if the “insurer has made a settlement offer on the disputed contract claim” or if there are “other compelling circumstances.” *Akin,* 927 S.W.2d at 630.

There is no evidence in the record that Allstate made a settlement offer to the Briers. Nevertheless, Allstate argues that there are “other compelling circumstances” requiring severance of the extra-contractual claims in this case, namely, the time, effort, costs, and judicial resources associated with litigating and preparing for trial on extra-contractual claims that have not yet accrued because the Briers have not yet established a contractual right to recovery on the breach of contract claim.

Because the settlement claims asserted solely against Allstate differ from the misrepresentation claims asserted against Allstate, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix, we will consider the settlement claims separately from the misrepresentation claims.

***Severance of the Settlement Claims Is Mandatory***
In their settlement claims, the Briers allege that Allstate acted in bad faith by failing to settle their contractual claim, that Allstate failed to make a good faith settlement offer, and that Allstate failed to properly investigate their contractual claim.

**\*4** **[4]** **[5]** **[6]** An insurer generally cannot be liable for failing to settle or investigate a claim that it has no contractual duty to pay. *See Progressive Cnty. Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex.2005); *Akin,* 927 S.W.2d at 629 (“But, in most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract.”); *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at \*4; *In re State Farm Mut. Auto. Ins. Co.,* 395 S.W.3d at 237–38; *In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d at 437–38; *In re United Fire Lloyds,* 327 S.W.3d at 256; *In re Miller,* 202 S.W.3d 922, 925 (Tex.App.-Tyler 2006, orig. proceeding); *Millard,* 847 S.W.2d at 673. In the context of underinsured motorist coverage, an insurer is under no contractual duty to pay underinsured motorist benefits until the insured proves that the insured has underinsured motorist coverage, that the underinsured motorist negligently caused the accident that resulted in the covered damages, the amount of the insured's damages, and that the underinsured motorist's insurance coverage is deficient. *See Brainard v. Trinity Universal Ins. Co.,* 216 S.W.3d 809, 818 (Tex.2006); *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at \*4; *In re United Fire Lloyds,* 327 S.W.3d at 255. Thus, an insured generally must first establish that the insurer is liable on the contract before the insured can recover on extra-contractual causes of action against an insurer for failing to promptly pay, failing to settle, or failing to investigate an underinsured motorist insurance claim. *See Akin,* 927 S.W.2d at 629; *In re Progressive Cnty. Mut. Ins. Co.,* 439 S.W.3d at 426–27; *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at \*4; *In re State Farm Mut. Auto. Ins. Co.,* 395 S.W.3d at 238 (quoting *Smith,* 2007 WL 677992, at \*5); *see also In re Am. Nat'lCnty. Mut. Ins. Co.,* 384 S.W.3d at 437–38 (holding that “any duty by an insurer to its insured, common-law or statutory, necessarily arises from the contractual relationship between the parties,” and that insurer has no duty to settle claim that it is not contractually obligated

to pay, insurer cannot be liable on bad faith claims arising from failure to investigate claim that it has no duty to pay, and insurer cannot be liable for insurance code violations related to delays in making offer on claims it has no duty to pay). As a result, "Texas case law establishes that severance and abatement of extra-contractual claims is required in many instances in which an insured asserts a claim to uninsured or underinsured motorist benefits." *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at *4; *see also In re Progressive Cnty. Mut. Ins. Co.,* 439 S.W.3d at 426–28; *In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d at 438–39; *In re United Fire Lloyds,* 327 S.W.3d at 255–56.

 **[7]**    In this case, the Briers allege that Allstate failed to settle their claim, failed to make a good faith settlement offer to them, and failed to properly investigate, evaluate, and pay their claim. To prevail on these claims, the Briers must first establish that Allstate is liable under the insurance contract [2] by proving: (1) they were covered by the insurance policy Allstate issued to T & R Pipeline; (2) Williams negligently caused the automobile collision that resulted in Grant's death; (3) the amount of their damages; and (4) Williams was either uninsured or underinsured. *See In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at *4; *In re State Farm Mut. Auto. Ins. Co.,* 395 S.W.3d at 237–38. There is no evidence in the record showing that the Briers have established that Allstate is liable under the insurance contract. As a result, the Briers' settlement claims would be negated by a determination in the breach of contract claim that Allstate is not liable. *See Boyd,* 177 S.W.3d at 922; *In re Progressive Cnty. Mut. Ins. Co.,* 439 S.W.3d at 426–27 (stating that "extra-contractual liability could only accrue if [insurer] is found liable on the contract"); *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at *4 ("[T]o prevail on their extra-contractual claims against Old American, plaintiffs must first demonstrate that Old American was contractually obligated to pay their uninsured motorist claim."); *In re State Farm Mut. Auto. Ins. Co.,* 395 S.W.3d at 239; *In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d at 438; *In re United Fire Lloyds,* 327 S.W.3d at 256; *Millard,* 847 S.W.2d at 675.

 **\*5**  Because the Briers' settlement claims would be negated by a determination that they lacked coverage under the insurance contract, requiring Allstate to prepare for and litigate the settlement claims, which may have not yet accrued and may be rendered moot by the breach of contract claim, would not do justice, avoid prejudice, or further convenience. *See In re Progressive Cnty. Mut. Ins. Co.,* 439 S.W.3d at 426–28; *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL

398866, at *4; *In re State Farm Mut. Auto. Ins. Co.,* 395 S.W.3d at 237–39; *In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d at 437–39; *In re United Fire Lloyds,* 327 S.W.3d at 256; *Millard,* 847 S.W.2d at 673. Further, allowing the Briers to conduct broad discovery into Allstate's claims handling history regarding unrelated accidents and then allowing the introduction of such information at the trial of the Briers' breach of contract claim would be manifestly unjust. [3] *See In re Progressive Cnty. Mut. Ins. Co.,* 439 S.W.3d at 426–27; *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at *4. Finally, severance of the Briers' settlement claims from the breach of contract claim would not prejudice the parties' rights. Accordingly, we conclude that severance of the settlement claims was required. *See Boyd,* 177 S.W.3d at 922; *Womack,* 291 S.W.2d at 683; *In re Progressive Cnty. Mut. Ins. Co.,* 439 S.W.3d at 426–28; *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at *4; *In re State Farm Mut. Auto. Ins. Co.,* 395 S.W.3d at 237–39; *In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d at 437–39; *In re United Fire Lloyds,* 327 S.W.3d at 256; *Millard,* 847 S.W.2d at 673.

### *Severance of the Misrepresentation Claims Is Not Mandatory*

 **[8]**    The Briers alleged the misrepresentation claims as alternatives to their breach of contract claim. Unlike the settlement claims, the misrepresentation claims do not allege that Allstate failed to act in good faith to comply with duties imposed by the insurance contract, but instead allege that the Briers are entitled to damages even if they are not covered by the insurance contract. In these claims, the Briers alleged that Allstate, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix made material misrepresentations and misstatements of law related to the insurance policy issued by Allstate to T & R Pipeline that the Briers relied on to their detriment. *See* TEX. BUS. & COMM.CODE ANN. § 17.46(b)(5), (b)(12) (West 2011); TEX. INS.CODE ANN. §§ 541.061, 541.151 (West 2009); *Celtic Life Ins. Co. v. Coats,* 885 S.W.3d 96, 97–100 (Tex.1994); *Brown & Brown of Tex., Inc. v. Omni Metals, Inc.,* 317 S.W.3d 361, 381 (Tex.App.-Houston [1st Dist.] 2010, pet. denied).

The Briers sued Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix as agents of Allstate and allege that the insurance policy at issue was sold by Randy Croix, as an agent for Allstate. Therefore, if Allstate is liable for the allegations in the misrepresentation claims, the liability would be based on Randy Croix's actions as Allstate's

agent. *See, e.g., Coats,* 885 S.W.2d at 98 ("An insurance company is generally liable for any misconduct by an agent that is within the actual or apparent scope of the agent's authority."); *Omni Metals, Inc.,* 317 S.W.3d at 377–78, 381. In its motion requesting severance, Allstate sought severance of the misrepresentation claims alleged against Allstate from the Briers' breach of contract claim. But the record before the Court reflects neither that the other defendants filed a similar motion nor that Allstate sought severance of the Briers' claims asserted against it from the claims asserted against the other defendants. As a result, the Briers' misrepresentation claims against Allstate involve the same facts and issues as, and are interwoven with, the misrepresentation claims against Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix, which claims would remain pending in the underlying lawsuit regardless of any severance of these claims against Allstate. *See Guar. Fed. Sav. Bank,* 793 S.W.2d at 658.

**\*6** Further, the misrepresentation claims are not bad faith claims, are not dependent upon a determination that Allstate has a contractual duty to pay underinsured motorist benefits to the Briers, and will not be rendered moot if Allstate prevails on the breach of contract claim. *See* TEX. BUS. & COMM.CODE ANN. § 17.46(b)(5), (b) (12); TEX. INS.CODE ANN. § 541.061(3), (4), (5). The misrepresentation claims, like promissory estoppel claims, are asserted as alternative causes of action to the breach of contract claim, alleging that Allstate, Insurance Network of Texas, Eddie Croix Insurance Agency, Inc., and Randy Croix are liable for the Briers' damages even if the Briers are not covered by the insurance policy. *Compare* TEX. BUS. & COMM.CODE ANN. § 17.46(b)(5), (b)(12); TEX. INS.CODE ANN. §§ 541.061(3), (4), (5), 541.151, *with Miller v. Raytheon Aircraft Co.,* 229 S.W.3d 358, 378–79 (Tex.App.-Houston [1st Dist.] 2007, no pet.)(stating elements of promissory estoppel claim). Therefore, unlike the Briers' settlement claims, requiring Allstate to litigate the misrepresentation claims at the same time as the breach of contract claim would promote convenience and judicial economy.

Finally, Allstate has not offered evidence to demonstrate how it will be prejudiced if it has to prepare for and litigate the misrepresentation claims in conjunction with the breach of contract claim. *See Allstate Ins. Co. v. Hunter,* 865 S.W.2d 189, 194 (Tex.App.-Corpus Christi 1993, orig. proceeding).

Accordingly, we conclude that the trial court acted within its discretion when it denied Allstate's motion to sever insofar as Allstate requested severance of the misrepresentation claims from the breach of contract claim. *See Duenez,* 237 S.W.3d at 693; *Morgan,* 675 S.W.2d at 734; *Womack,* 291 S.W.2d at 683.

### Adequate Remedy by Appeal

If the Briers' settlement claims are tried with the breach of contract claim, the trial court and the parties will be required to conduct discovery, prepare for trial, and conduct voir dire on claims that may have not yet accrued and that could be rendered moot by the portion of the trial relating to breach of contract for underinsured motorist benefits. *See In re Progressive Cnty. Mut. Ins. Co.,* 439 S.W.3d at 427–28; *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at \*4; *In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d at 439; *Millard,* 847 S.W.2d at 675–76. Accordingly, we conclude that Allstate has no adequate remedy by appeal. *See In re Progressive Cnty. Mut. Ins. Co.,* 439 S.W.3d at 427–28; *In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at \*4; *In re State Farm Mut. Auto. Ins. Co.,* 395 S.W.3d at 239; *In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d at 439; *In re United Fire Lloyds,* 327 S.W.3d at 256; *Millard,* 847 S.W.2d at 675–76.

### Conclusion

Based on our review of the record, we conclude that the Briers' settlement claims are severable from the breach of contract claim, the facts and circumstances of the case require a severance to prevent manifest injustice, and the legal rights of the parties will not be prejudiced thereby. *See Womack,* 291 S.W.2d at 683. The trial court, therefore, abused its discretion in refusing to sever the Briers' settlement claims from the breach of contract claim and abate the settlement claims pending the determination of Allstate's liability for the breach of contract claim. *See In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d at 439; *In re Reynolds,* 369 S.W.3d 638, 650–55 (Tex.App.-Tyler 2012, orig. proceeding); *In re United Fire Lloyds,* 327 S.W.3d at 257; *see also In re Old Am. Cnty. Mut. Fire Ins. Co.,* 2013 WL 398866, at \*4–5.

**\*7** We further conclude, however, that the facts and circumstances of the case do not require severance of the Briers' misrepresentation claims from their breach of contract

claim and that the trial court properly exercised its discretion in determining that the misrepresentation claims should be tried with the breach of contract claim.

Accordingly, we conditionally grant Allstate's petition for writ of mandamus in part and order the trial court to (1) vacate the portion of the December 10, 2013 order that denies severance and abatement of the "Bad Faith," "Unfair Settlement Practices," and "Failure to Promptly Pay Claims" causes of action, (2) grant Allstate's motion to sever as to those causes of action, and (3) abate those causes of action until the Briers' breach of contract claim is resolved.

Nevertheless, because the trial court did not abuse its discretion when it determined that the "Misrepresentation of the Insurance Policy" claim and the "Violations of the DTPA" claim should remain pending with the breach of contract claim, we deny Allstate's petition for writ of mandamus insofar as it requests an order compelling the trial court to sever and abate the Briers' "Misrepresentation of the Insurance Policy" and "Violations of the DTPA" causes of action.

We are confident that the trial court will promptly comply, and our writ will issue only if it does not.

Footnotes

1    The underlying case is *Raymond Briers, Jr. and Stacy Briers, Individually, and as Representatives of the Estate of Grant Briers, Deceased v. Allstate County Mutual Insurance Company, Insurance Network of Texas, Ed die Croix Insurance Agency, Inc., and Randy S. Croix,* cause number 12–DCV–198995, pending in the 240th District Court of Fort Bend County, Texas, the Hon. Pedro Ruiz presiding.

2    The Supreme Court has "left open the possibility that an insurer's denial of a claim it was not obliged to pay might nevertheless be in bad faith if its conduct was extreme and produced damages unrelated to and independent of the policy claim."*Progressive Cnty. Mut. Ins. Co. v. Boyd,* 177 S.W.3d 919, 922 (Tex.2005). The Briers have not, however, alleged that Allstate engaged in any "extreme" conduct that "produced damages unrelated to and independent of the policy claim."*Id.*; *see In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d 429, 438 (Tex.App.-Austin 2012, orig. proceeding). The Briers allege only that Allstate improperly denied their claim and failed to fairly investigate their claim. *See Boyd,* 177 S.W.3d at 922; *In re Am. Nat'l Cnty. Mut. Ins. Co.,* 384 S.W.3d at 438.

3    In discovery, the Briers seek production of all documents related to lawsuits and claims against Allstate regarding the denial of claims under business automobile policies. Examples of these requests include:

   Request No. 33: Please produce all documents, communications or other tangible items evidencing the denial of any claim or attempt to deny a claim by ALLSTATE under any Business Automobile policy, from 2000—present, for a claim asserted by one insured based on another insured's status.

   Request No. 42: Please produce your claims denial journal and any related documents for the past 10 years, relating to the denial of any claim asserted pursuant to an ALLSTATE Business Automobile policy in Texas.

**End of Document**                                        © 2014 Thomson Reuters. No claim to original U.S. Government Works.